# IN THE COURT OF APPEALS OF IOWA

No. 19-1090
Filed July 22, 2020

**JAMES E. WRIGHT, JR.,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, David Porter, Judge.


　　　James Wright, Jr. appeals from the district court's dismissal of his second application for postconviction relief.  **AFFIRMED.**



　　　Peter M. Sand, Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


　　　Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

A jury found James Wright, Jr. guilty of first-degree murder in connection with a shooting at a Des Moines bar. The court of appeals affirmed his judgment and sentence. *See State v. Wright*, No. 05-0679, 2006 WL 3018149, at *1 (Iowa Ct. App. Oct. 25, 2006). Wright filed a timely postconviction-relief (PCR) application. The court denied most of the claims but granted a new trial as to one. On the State's appeal, this court reversed the grant and remanded the case for dismissal. *See Wright v. State*, No. 16-0275, 2017 WL 1401475, at *1 (Iowa Ct. App. Apr. 19, 2017).

Wright filed a second PCR application in 2018, which he later amended. He alleged a single claim in his amended application, breaking it down as follows: (1) an eyewitness testified against him at trial; (2) while the first PCR case was pending, Wright learned that the eyewitness was recanting his testimony; (3) Wright's first PCR attorney unsuccessfully attempted to amend the first PCR application to include the recantation; and (4) first "[PCR] counsel's failure to amend the [PCR] application directly resulted in that issue not being preserved for the [PCR] trial."

The State moved for summary disposition of the application on the ground that it was untimely and all the claims were "fully raised, litigated, and adjudicated in the initial PCR case." Wright filed a resistance in which he conceded "[t]he only allegation [he was] seeking to have the court review [was] that his [first PCR] counsel . . . was ineffective" in failing to timely amend his first PCR application to raise the recantation.

The district court granted the State's motion and dismissed the second PCR application. The court preliminarily noted that the second PCR application was not filed within three years after procedendo issued in Wright's direct appeal. *See* Iowa Code § 822.3 (2018) (stating a PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," unless the application raises "a ground of fact or law that could not have been raised within the applicable time period"). The court turned to the question of whether the second PCR application could relate back to the timely-filed first PCR application under the holding of *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018).[1] The court explained that Wright's second PCR application was filed fifteen months after procedendo issued in the appeal of the first PCR application, and the second amended application was filed even later. The court concluded the application was not "filed promptly" within the meaning of *Allison*. Alternatively, the court determined Wright's claims in his original second application were "indeed . . . fully litigated" in his first PCR action. As for the ineffective-assistance/recantation claim raised in his second amended application, the court noted it was heard by the first PCR court "through an offer of proof" and was addressed "directly in its ruling." The court concluded

---

[1] In *Allison*, the court held:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is *filed promptly* after the conclusion of the first PCR action.

914 N.W.2d at 891 (emphasis added).

the first PCR court's ruling barred "rel[itigation] of that issue" and "short-circuit[ed]" his related ineffective-assistance-of-first-PCR-counsel claim.

On appeal, Wright contends (1) the "second PCR action is, in fact, timely under *Allison*" and (2) the statute of limitations does not "apply to [the] second PCR action, as it involves newly discovered evidence."

We discern no error in the district court's conclusion that the second PCR application was not "filed promptly," precluding relation back to the timely-filed first PCR application. *See Demery v. State*, No. 19-1465, 2020 WL 1887955, at *2 (Iowa Ct. App. Apr. 15, 2020) (quoting *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019)). Accordingly, we affirm the court's dismissal of the second PCR application on that ground.

We turn to Wright's newly-discovered-evidence claim. Wright appears to contend that he may avail himself of the "ground of fact" exception to the three-year limitations period based on a "new affidavit" from the key eyewitness.[2] *See* Iowa Code § 822.3; *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003) (concluding "[b]ecause Harrington asserted a relevant ground of fact or law 'that could not have been raised within the applicable time period,' this action is not time barred").

Wright did not raise a "ground of fact" exception to the time bar or a newly-discovered-evidence claim, nor did the parties or the court discuss either in a reported hearing on the State's summary disposition motion. Moreover, Wright

---

[2] Wright asserts the affidavit "was filed" with the court and reflected an "unequivocal[] recant[ation]." Although an affidavit executed in 2018 was included in the appendix, there is no record of the affidavit in the second PCR trial binders prepared for this appeal.

concedes the second PCR court made no mention of either. For these reasons, we conclude error was not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm the summary dismissal of Wright's second PCR application.

**AFFIRMED.**